UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JASON PROFITT**                                                              **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:09CV-785-S**

**BARACK OBAMA** *et al.*                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Michael Jason Profitt filed a *pro se* action on a court-supplied form against Barack Obama, Central State Hospital, and Louisville Riot.[1] He asserts the following as grounds for filing this action in federal court: "I had a visit over illegal Treasury Checks with Jim Clark U.S. Marshalls during the visit they admitted to Contract Muders at the visit in Jail LMDC Correctional Center D. Doolye participation they said they work for Asa-Bin-Laden and Alcada." In the statement-of-claim portion of the complaint, Plaintiff writes:

> While at Central State Hospital . . . Voting accused evidence Illegal Voting is admitance at 911 Call and killed the dogs in Falmouth with 911 Call admitted Criminal Theft with Mike Profitt [illegible] owner Exxon International all the [illegible] above are Criminal Theft all the people on the Whole entire Television [illegible] Names of [illegible] are Criminal Theft They use by Bis. Names from Criminal Report Also killing people for [illegible] with Asa Ben Laden [illegible] Trade Center Bombing.

As relief, Plaintiff requests the Court to "Check" (1) "Hope Center D. Doolya Assault in Louisville connection D. Doolya Admitted [illegible] impower with Barack"; and (2) "Hope Center Contract Murder that occurred Justin Hughes Murder and Illegal Voting [illegible]."

---

[1] In the body of the complaint, Plaintiff also names various other plaintiffs and defendants. Under Fed. R. Civ. P. 10(a), however, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (Emphasis added). Because the names of the other purported plaintiffs and defendants are not listed in the caption of the complaint, those individuals are not properly named and are, therefore, not parties to this action.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The allegations in Plaintiff's complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. The instant action must, therefore, be dismissed for lack of subject matter jurisdiction.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 5, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.005